THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, MAYAGÜEZ PART, ALFREDO ARCHILLA GUENARD, JUDGE, Respondent; JOSÉ ÁNGEL CUEVAS RAMÍREZ, Intervener.

No. C-63-84.     Decided December 31, 1964.

*J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for petitioner. *Carlos García Méndez* and *Raúl Ramos Torres* for intervener.

Division composed of Mr. Justice Blanco Lugo, as Chief Judge of Division, pro tempore, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

As a result of certain facts that occurred on April 11, 1963, José Angel Cuevas Ramírez was taken before Mr. Eugenio Velázquez Martín, District Judge, Cabo Rojo Part. The original record does not reveal the proceedings before said magistrate. However, there appears a bail bond for the amount of $500 furnished and approved on said date to remain on bail in relation to the offense of operating a motor vehicle under the influence of intoxicating liquor. At least, this fact presupposes that the magistrate found probable cause to issue a warrant of arrest for said offense.

On April 14 and 18 prosecuting attorney Luis A. Limeres took the sworn testimony of witnesses Noé Quirsola and his wife Ramonita Acosta, as well as that of policeman Miguel A. Ramírez Torres. On the 23d prosecuting attorney Noel Vera Mercado, on the basis of these statements filed a complaint in the Superior Court, Mayagüez Part, against Cuevas, charging him with the violation of § 5-801 of the Vehicle and Traffic Law, 9 L.P.R.A. § 1041. The accused remained on bail which had been approved by Judge Velázquez Martín.

On the day set for the hearing the defendant requested the dismissal of the case "because they had not complied . . . with the procedure established in the last amendment to the Traffic Law of Puerto Rico, approved June 21, 1961,"[1]

---

[1] Said subdivision (b) reads as follows:

"If the arrested person refuses to submit himself to the chemical analysis of his breath, blood or urine, as the case may be, the analysis shall not be made and he shall be taken to the presence of a judge or prosecutor, who shall, as soon as possible, take the sworn testimony of the peace officer making the arrest, in which testimony shall be set forth

on the ground that (a) the prosecuting attorney did not submit the statements taken to any judge for the latter to determine probable cause, and (b) the District Judge failed to take the sworn statements in writing when the case was submitted to him. It appears that at the hearing the prosecuting attorney admitted having failed to submit the record made by him to any magistrate and that he did not have in his investigation a determination of probable cause signed by Judge Velázquez Martín.[2] The trial court sustained the

---

the facts causing the arrest as well as the fact that the arrested person has been requested by said peace officer, or by any of the officials mentioned in subsection (c) of the preceding section 5-803, to submit himself to one of the chemical analysis prescribed in this article, and his refusal to do so. If such request has been made by the peace officer then in charge of the police station, district or zone where the arrest was made and not by the peace officer who made the arrest, then the latter's sworn testimony shall be taken and in it shall be set forth the fact of the request made to the person arrested to submit himself to the said chemical analysis and his refusal to do so. Every such peace officer shall include in his sworn testimony, besides the aforesaid details, the fact that he explained to the arrested person the consequences of his refusal. The judge, or the prosecutor, as the case may be, shall, as soon as possible, also take the sworn testimonies of any other persons who may have seen the arrested person driving or operating said motor vehicle under the influence of intoxicating liquor.

"In case a prosecutor has taken such testimony, if from the examination of the testifying witnesses it is evident that a violation of the provisions of this section has been committed, and that there is sufficient cause to believe that the arrested person is guilty of such violation, the prosecutor shall submit to a judge the evidence thus obtained for the latter to determine whether there is probable cause of the commission of the offense.

"In all cases, if the judge considers there exists probable cause of the commission of the offense by the arrested person, he shall issue the proper order of commitment and shall forthwith seize his driving license.

"A copy of each one of these sworn testimonies shall be delivered to the arrested person at his request."

[2] In the copies of the sworn statements of Mrs. Quirsola and policeman Ramírez Torres, attached to the original record of the present appeal, reference is made to the fact that Cuevas was identified before Judge Velázquez "and he is the same person who was *accused* by the Judge," and specifically that "He was taken to the presence of Judge Velázquez Martín who after hearing the evidence and seeing the arrested person

question of law raised "[the prosecuting attorney] having failed to submit the record to a magistrate for the determination of probable cause." The prosecuting attorney requested the reconsideration and offered evidence to establish that "all the witnesses, including defendant, were taken before Judge Velázquez Martín and that he examined them, including defendant, all the legal warnings having been made" and that "after hearing the witnesses probable cause was determined and the commitment was ordered." The judge dismissed the reconsideration and ratified his ruling decreeing the dismissal of the case.

We decided to review the action.

1—Strictly speaking, the motion presented by defendant could not be considered as one to dismiss the information, since pursuant to the law then in force—§ 145 of the Code of Criminal Procedure, 34 L.P.R.A. § 331—it was appropriate in cases of felony alone and for the sole reason that the information had not been subscribed to and sworn by the prosecuting officer. Nor can it be considered as a demurrer, since none of the grounds contained in § 153 of said body of laws, 34 L.P.R.A. § 364, appears upon the face thereof.[3] Notwithstanding, we shall consider it as a motion to challenge the jurisdiction of the court for having failed to comply with certain requisites established in § 5-804 of the Vehicle and Traffic Law. Section 161 of the Code of Criminal Procedure, 34 L.P.R.A. § 372; *Irizarry* v. *District Court*, 62 P.R.R. 568 (1943) ; *People* v. *Trápaga*, 15 P.R.R. 196 (1909) ;

accused him of violation of Article VIII of the Vehicle and Traffic Law fixing a bond of $500, and for excessive speed a bond of $500, being confined in the Jail of San Germán upon failing to furnish bond."

[3] The information charges defendant with having "illegally, voluntarily, maliciously, and criminally, driven a motor vehicle on the public highway under the influence of intoxicating liquor." Obviously (a) it is worded in ordinary and concise language and contains sufficient exposition of the facts constituting the offense; (b) it does not charge more than one public offense; and, (c) it does not contain any matter which would constitute a legal justification or excuse.

*People* v. *Alomar*, 10 P.R.R. 282 (1906); *cf.* Rule 62, in relation to Rules 63 and 64(b) of the Rules of Criminal Procedure of 1963.

2—In *People* v. *Otero Valle*, 89 P.R.R. 71 (1963) we made a recital of the legislation concerning the offense of operating a motor vehicle in a state of intoxication. We pointed out that it was incorporated specifically into our Criminal Law by the enactment of § 13 of Act No. 279 of April 5, 1946 (Sess. Laws, pp. 598, 636.) Several years elapsed. In view of the incidence of serious accidents with the resulting loss of lives and property, the Legislative Assembly enacted Act No. 95 of June 29, 1954 (Sess. Laws, p. 992) which penalized vigorously the violators of said section and provided several measures for determining the degree of alcoholic intoxication in the drivers, by means of a system of chemical analysis. It prescribed the procedure for taking samples and determined the probative effect of the finding of the analyses.

In the event a person detained refuses to submit to the required analyses, it provided in subd. 7 that:

"If, after having been arrested and subsequently required to submit himself to such chemical analysis, said person refuses to do so, the analysis shall not be made. The public peace officer who made the arrest shall take said person before a Magistrate, who, after investigating the case and hearing, under oath, the public peace officer, the arrested person, and any other interested person, *shall, if there is probable cause, direct that the proper complaint or charges against the arrested person be filed in the Court of First Instance.*" (Italics ours.)

Intimately related to this provision there was established an administrative procedure by the Secretary of Public Works for the suspension of the licenses of those drivers who refuse to submit to the chemical analysis. This procedure was commenced by the remittance, by the magistrate to the Secretary, of a copy of the sworn testimonies alluded to in the subdivision copied above, and the latter, based on those testi-

monies, shall suspend the driver's license of the arrested person. The aggrieved party could request a hearing within 60 days to justify his refusal to submit to examination. Thus we see that originally the purpose of the sworn testimonies was to facilitate the initiation of the administrative procedure for the suspension of the license as a result of the refusal to submit to examination, which was independent from the criminal prosecution for the offense of driving in a state of alcoholic intoxication, which could also give rise to the suspension or cancellation of the license.

Section 5-804 of the Vehicle and Traffic Law of 1960 substantially retained the former procedure. The main changes introduced consisted of: 1—specifying what the sworn testimonies set forth, stressing the fact of the request made to the person arrested to submit himself to the analysis, his refusal, and the fact that the consequences of his refusal were explained to him; 2—providing that a copy of the sworn testimonies shall be delivered to the arrested person at his request; and, 3—eliminating the procedure before the Secretary of Public Works for the suspension of the license as a result of the refusal to submit himself to examination, and transferring this power to the court taking cognizance of the criminal cause.[4] The preceding provision to the effect that

---

[4] It is convenient to state that the bill which finally became Act No. 141 (substitute of Senate Bill No. 304) provided in § 5-805 the administrative procedure for the suspension of the license in the event the driver refused to submit to examination; and, in general terms, it was very similar to the one previously established in 1954. The bill remained thus until in the last stage of the discussion in the House of Representatives on June 22, 1960 the elimination of the administrative hearing before the Secretary of Public Works and its transfer to the court taking cognizance of the violation was proposed. Journal of Proceedings 2227 (1960).

Upon eliminating the authority of the Secretary of Public Works to suspend the license as a result of the refusal to submit to examination, inadvertently everything relating to the taking of the sworn testimonies by the magistrate was preserved, which, as we have stated, was important within the administrative procedure to initiate and facilitate to the Secretary the knowledge of the facts on which to ground his actions. In referring

the magistrate, "if there is probable cause, shall order that the corresponding complaint or indictment be filed before the Court of First Instance against such arrested person and shall issue against him the proper warrant of commitment," was preserved wholly.

In 1961 Act No. 94 of June 21, amended § 5-804. We shall look to the House Judiciary Committee Report for an explanation of the scope of the amendments:[5]

"Article VIII of the Vehicle and Traffic Law, provides the procedure for the investigation in cases where the persons arrested for the offense of driving or operating a vehicle under the effects of intoxicating liquor may refuse to submit to chemical analysis of his breath, blood, or urine.

"The Act in force provides that said persons shall be taken before a Judge who shall take the sworn statement of the police officer making the arrest and he shall also take the sworn statement of any person concerned or who was a witness, and if said judge finds probable cause, he shall order his commitment and shall seize his driving license.

"In relation to the aforesaid proceeding your commission understands that the prosecuting attorneys, who under the law have the responsibility of bringing and sustaining the charges in the Superior Court, should also have the authority to request the arrested persons to submit themselves to any of the chemical analysis of blood, breath or urine, to receive the reports on the findings of said analysis and to take the sworn statement previously referred to.

"House Bill No. 270 provides that in the case of a prosecuting attorney who takes said statement, if from the examination of the witnesses who testified, it is shown that the violation of the provision of said Article VIII has been committed and that there is sufficient cause to believe that the person detained or arrested is guilty, the prosecuting attorney shall submit to a

---

to this situation we said in *People* v. *Superior Court*, 86 P.R.R. 791 (1962) that "It concerns two distinct situations of fact which must be established with different facts; the first one refers to the commission of a public offense; the second, to the administrative provision of a license issued by the State."

[5] Journal of Proceedings 1250–1251 (1961).

magistrate the evidence thus obtained in order that he may determine probable cause in the commission of the offense. It also provides that in all cases if the magistrate should consider that there is probable cause, he shall issue against the arrested person the proper warrant of commitment, and shall forthwith seize his driving license.

"The provision in the sense that the magistrate shall order the filing of the corresponding complaint is eliminated since the status of our law in force on this particular is in the sense that the determination of probable cause is for the sole purpose of ordering the arrest of the accused, while the determination of whether a complaint should be filed or not, is an executive determination."

The elimination of the former phrase "and, if there is probable cause, he shall order that the corresponding complaint or indictment be filed before the Court of First Instance against such arrested person and shall issue against him the proper warrant of commitment" is highly significant. Said elimination is explained in the report as follows: "The provision in the sense that the judge shall order that the corresponding complaint be filed is eliminated, because the state of our present law on this point [it refers to the year 1961, prior to the enactment of the Rules of Criminal Procedure of 1963 where Rule 23 establishes the procedure for preliminary investigation in felonies] is in the sense that the determination of probable cause is *for the sole purpose of ordering the arrest of an accused, while the determination of whether a complaint be filed or not is an executive determination.*" It is true that in the second paragraph of subdivision (b) of the section being considered, it is stated that once the statements are taken, "the prosecuting attorney shall submit to a magistrate the evidence thus obtained in order that he may determine probable cause in the commission of the offense," but this provision must be read jointly with the following to the effect that "In all cases [it refers to cases in which the investigation is made personally by the judge

or by the prosecuting attorney], if the magistrate should consider that there is probable cause of the commission of the offense by the person detained *he shall issue the proper warrant commitment . . .*"

■■ From the legislative history it is deduced that it is not necessary for the prosecuting attorney to submit to a magistrate the sworn statements taken by him for the purpose of determining the existence of *probable cause to accuse,* but merely, as in all cases, *to determine the existence of probable cause for issuing only a warrant of arrest.* It should be noted also, that when the driver submits himself to the examination it is not necessary to follow such an elaborate procedure. This is so because such cases do not bear the penalty of additional suspension of the license, which is independent from the result of the criminal proceeding. The ground adduced by the trial court to decree dismissal of the criminal cause was erroneous.[6]

The order rendered by the Superior Court, Mayagüez Part, on August 19, 1963, will be reversed, and the case will be remanded for further proceedings.

---

[6] It is not necessary to consider whether the proceedings followed before Judge Velázquez Martín showed that said judge found probable cause to accuse.